UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                             Case No. 8:05-CR-271-T-27TGW

WILLIE LEE GANT
_____/

## ORDER

**BEFORE THE COURT** is correspondence from Defendant which is construed as a Motion to Withdraw Guilty Plea (Dkt. 74). Upon consideration, Defendant's motion (Dkt. 74) is DENIED. Although Defendant is represented by retained counsel, given the content of his correspondence addressing counsel's representation, the pro se construed Motion to Withdraw guilty Plea will be considered. In response to Defendant's correspondence, defense counsel filed a Motion to Withdraw which will be granted by separate order.

Defendant is charged in a one count Indictment with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. (Dkt.1). Defendant was originally appointed counsel but subsequently retained Daniel Castillo, Esq., who substituted in on August 5, 2005. (Dkt. 15). A Superseding Indictment was filed on August 24, 2005. (Dkt. 24). The case proceeded to jury trial on December 5, 2005.

On the third day of trial, with Defendant present, Defense counsel advised the Court that Defendant desired to plead guilty. The court then engaged counsel in an extensive discussion regarding whether Defendant would qualify as a career offender based on his prior record and

whether he would be eligible for a two level adjustment for acceptance of responsibility.[1] After hearing from counsel and examining whether Defendant's prior record qualified him as a career offender, Defendant was advised by the court that it appeared that he would be sentenced as a career offender and that he faced a potential sentence range of 210 - 262 months. The court offered Defendant the opportunity to confer with counsel and his family, which Defendant did.

Court recessed for approximately 30 minutes. When court resumed, Defendant confirmed his desire to plead guilty, whereupon he was placed under oath and an extensive Rule 11 colloquy was conducted. Defendant pleaded guilty to Count One of the Superseding Indictment, his plea was accepted and he was adjudicated guilty. The jury was discharged and a sentencing hearing scheduled

---

[1] On the morning of the third day of trial, after alerting the court that Defendant was contemplating a change of plea, defense counsel, in the presence of Defendant, advised the Court that he had advised Defendant that there were "issues under the sentencing guidelines as to whether he – where he may or may not fall based upon the weight, his conduct, the attempt and so forth" and that he was facing "a five year minimum mandatory sentence, five to 40." (Guilty Plea Transcript p. 3). When the Court questioned the Government as to its position on a downward adjustment for acceptance of responsibility, the Government indicated that it would not object to a two level downward adjustment. The Government further advised the Court that it was aware of "two prior felonies that would qualify as violent felonies under the sentencing guidelines."

> THE COURT:     So you think he would qualify as a career offender?
> MS. PELUSO:    Yes, sir, which would put him at a level 34, criminal history category VI.
> THE COURT:     If that is the case, even with two levels for acceptance, he would fall to a level 32, criminal history category VI?
> MS. PELUSO:    Yes, Your Honor.
> THE COURT:     And that's 210-262 months.
> MR. CASTILLO:  Yes, Your Honor. That's the government's position.
>                        .     .     .
> THE COURT:     Mr. Gant, I hope you're listening to all this, because I'm trying to get a feel for what you may be exposed to if you plead guilty. I want you to understand, however, and I'll make it clear to you, if you enter a plea, that all of this is very preliminary until I have a complete presentence report. No one can do anything but estimate in good faith today as we sit here. But things could change once we get into the advisory guidelines.

(Guilty Plea Transcript, pp. 4 - 5)

for March 6, 2006 (Dkt.69).

In his correspondence to the court, Defendant presents several reasons for requesting to withdraw his guilty plea, none of which affect the knowing and voluntary nature of his guilty plea. (Dkt. 74). Defendant does not challenge the adequacy of the Rule 11 colloquy. Nor does he contend that he was coerced into pleading guilty or that he did not fully understand the nature and consequences of his guilty plea. Rather, all of the reasons he lists are essentially complaints about his attorney's representation. In sum, Defendant maintains that he disagrees with the way his attorney presented his defense, that his attorney did not provide him materials he requested, did not have evidence "checked by a professional for tampering" and did not present certain evidence that Defendant wanted presented to the jury. Defendant also represents that his attorney told him that if he pleaded guilty, he would serve 41-51 months but that he is now aware from the Pre-sentence Investigation Report that he faces a sentence range of 210-262 months.

All of Defendant's contentions are contradicted by his sworn responses to the thorough Rule 11 colloquy conducted by the court.[2] He expressly confirmed that his attorney had answered all questions he had about changing his plea, that he was "fully satisfied" with counsel's representation and that there was nothing he thought his attorney should have done that he didn't do (Transcript, pp. 14-15). He expressly confirmed his understanding that any sentence estimates his attorney may have provided were only estimates and that no one, including his attorney, could know what sentence would actually be imposed. *Id.* at 17. Finally, Defendant expressly confirmed his understanding of the minimum mandatory and maximum sentence he faced, that he may be considered a career offender, and that he faced a sentence range of 262 -327 months as a career offender without an

---

[2] A transcript of the Rule 11 colloquy has been reviewed by the court.

adjustment for acceptance of responsibility. (Transcript, pp. 18-19, 21, 23, 25-26). Finally, he confirmed his agreement with the government's proffered factual basis. (Transcript, pp. 29-31).

Under Rule 11, Fed.R.Crim.P., "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). Although this rule is to be liberally construed, "there is no absolute right to withdraw a guilty plea prior to imposition of a sentence." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir.1998). When deciding whether to grant a motion to withdraw a guilty plea, "the district court may consider the totality of the circumstances surrounding the plea ... includ[ing] (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472; *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir.2003).

Defendant has not presented a fair and just reason for requesting withdrawal of his guilty plea. He had close assistance of counsel and made a knowing and voluntary decision to plead guilty after seeing the government's evidence presented to the jury. The jury watched defendant discussing and agreeing to purchase three kilograms of cocaine from an undercover officer on video. On the video, Defendant can be seen handing a back pack with $50,000 in currency to the agent and examining the cocaine moments before he was arrested. The jury heard numerous audio-taped conversations between Defendant and a confidential informant leading to the video-taped cocaine purchase, during which the proposed transaction was discussed.

Defendant's claims of entrapment, that he was making a loan to the confidential informant rather than purchasing cocaine and that the video tape "was altered" are all matters he waived by

pleading guilty. *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992)(guilty plea waives all nonjurisdictional challenges to constitutionality of conviction).[3]

Moreover, his attorney, an experienced criminal defense attorney, had aggressively cross examined the government's witnesses, laying the groundwork for any potential defense as well as an argument that the evidence did not prove Defendant's guilt beyond all reasonable doubt. He undoubtedly was prepared to present the best possible defense under the circumstances. To the extent Defendant now complains about his attorney's representation, it was apparent and this court so finds that Mr. Castillo rendered effective assistance of counsel, well within the range of competence demanded of attorneys in criminal cases.

### *Close Assistance of Counsel*

Defendant had close assistance of counsel throughout the proceedings. During the Rule 11 colloquy, Defendant confirmed that he had discussed the Indictment and the case in general with his attorney and was fully satisfied with his attorney's representation:

| | |
|---|---|
| THE COURT: | All right. Have you had an adequate opportunity to confer with Mr. Castillo about your decision here today? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you have – do you need any more time? |
| THE DEFENDANT: | No, sir. |

---

[3] Guilty pleas waive all but jurisdictional claims up to the time of the plea. *Tollett v. Henderson,* 411 U.S. 258 (1973), *Stano v. Dugger,* 921 F.2d 1125 (11th Cir. 1991), *cert. denied,* 502 U.S. 835 (1991). This waiver includes constitutional claims. *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness of counsel claim waived). Finally, a guilty plea waives constitutional violations associated with evidence prior to the guilty plea. *Bradbury v. Wainwright,* 658 F.2d 1083 (5th Cir. 1981), *cert. denied,* 456 U.S. 992 (1982); *McMann v. Richardson,* 397 U.S. 759 (1970). Pleading guilty necessarily admits the commission of the crime. *United States v. Broce,* 488 U.S. 563 (1989).

. . . . . . .

| | |
|---|---|
| THE COURT: | Has Mr. Castillo answered all of your questions that you could ask him in terms of making a decision here today? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Is there anything you think he should have done that he didn't do? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Are you fully satisfied with the advice and representation and counsel that he has provided to you in this case? |
| THE DEFENDANT: | Yes, sir. |

(Plea Transcript, pp. 14-15)

Defendant's sworn responses belie his assertion that counsel did not do everything Defendant asked of him. Further, Defendant acknowledged his complete satisfaction with Mr. Castillo's representation.

### *Guilty Plea was Knowing and Voluntary*

After a guilty plea is entered and satisfaction with counsel is acknowledged, only a challenge to the voluntary and knowing nature of the plea can be raised. *McCoy v. Wainwright*, 804 F.2d 1196, 1198 (11th Cir. 1986). As evidenced by the Rule 11 colloquy, Defendant's plea was unquestionably knowing and voluntary:

| | |
|---|---|
| THE COURT: | Has anyone, including your lawyer, the case agent, the prosecutor, promised you what I would do if you plead guilty? |
| THE DEFENDANT: | No, sir. |

. . . . .

| | |
|---|---|
| THE COURT: | Now, it's perfectly appropriate for Mr. Castillo to confer with you and to estimate and give you advice about the possible range of sentence that I might impose under the statutes, as well as the advisory guidelines. And he may very well have estimated to you or given you advice as to what he believes the court might do. But do you understand that neither Mr. Castillo or Ms. Peluso or even I can tell you today as we sit here what sentence I will impose? |
| THE DEFENDANT: | Yes, sir. I understand. |
| THE COURT: | Whatever he's discussed with you is his best estimate, his best advice; correct? |
| THE DEFENDANT: | Correct. |

(Transcript, pp. 17-19)

Defendant confirmed that he was not coerced into entering his plea and that he understood the consequences of entering a guilty plea. (Transcript, pp. 16-17). Defendant expressly confirmed his understanding of the statutory penalties for the offense to which he was pleading guilty:

| | |
|---|---|
| THE COURT: | All right, I'm advised and, Ms. Peluso, I'll ask you to confirm in a moment, that the maximum possible penalty provided by law for the offense charged in the superseding indictment is 40 years with a minimum term of imprisonment of five years; is that correct, five to 40? |
| MS. PELUSO: | That is correct, Your Honor. |
| THE COURT: | Do you understand that, Mr. Gant? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You will get at least five years in prison and up to 40. Do you understand that? |
| THE DEFENDANT: | Yes, sir. |

(Guilty Plea Transcript, pp. 17-19)

Defendant's responses to the court's Rule 11 inquiries were unequivocal. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994). "Consequently, a defendant 'bears a heavy burden to show his statements [under oath] were false." *United States v. Ross,* 147 Fed.Appx. 936 (11th Cir. 2005), citing *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988). Defendant has presented no facts or circumstances to suggest that his guilty plea was not knowing and voluntary. He was satisfied with counsel's representation, understood the consequences of pleading guilty and that acknowledged that he could not rely on any estimates regarding his sentence. He expressly agreed with the facts proffered by the government and cannot now be heard to contradict his own sworn statements made to the court under the guise of proclaimed innocence.

### *Conservation of Judicial Resources and Prejudice to the Government*

Considering that the jury had heard most of the government's case in chief before Defendant changed his plea, allowing him to withdraw his guilty plea would result in wasted judicial resources. Although there would be no apparent prejudice to the government, a showing of prejudice is unnecessary. *See Buckles,* 843 F.2d at 474. Nonetheless, the government has incurred the expense of a trial, released its witnesses and undoubtedly devoted its resources to other investigations and cases. Given all of the circumstances attendant to Defendant's change of plea, there is no just or fair reason to allow him to withdraw his guilty plea.

### *Ineffective Assistance of Counsel*

The Supreme Court has articulated a two-prong test for determining whether a litigant has been denied effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668 (1984). First,

the defendant must show that counsel's performance fell below a threshold level of competence. Second, the defendant must show that counsel's deficient performance prejudiced his defense such that the reliability of the result is undermined. *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir.1986). The *Strickland* standard for evaluating claims of ineffective assistance of counsel also applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985). An application of *Strickland* to guilty pleas requires that a defendant show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 370. Defendant does not make this showing.

Where, as here, Defendant's allegations that counsel was ineffective are contrary to the sworn statements he made during the change of plea hearing, the Court can and does discredit those allegations. *See United States v. Freixas*, 332 F.3d 1314, 1319 (11th Cir.2003). Defendant's claim of ineffective assistance of counsel is without merit.

**ORDERED AND ADJUDGED** that Defendant's Motion to Withdraw Guilty Plea is DENIED.[4]

**DONE AND ORDERED** in chambers this 27th day of February, 2006.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record
U.S. Probation Office

---

[4] It is unnecessary, given the Rule 11 colloquy and the circumstances leading to defendant's change of plea to conduct an evidentiary hearing. *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir.1986)(evidentiary hearing unnecessary when court conducted extensive Rule 11 inquiry prior to accepting guilty plea).